# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY,<br><br>      Petitioner,<br>vs.<br><br>FRANK LAWRENCE,<br><br>      Respondent. | Case No. 19-cv-00479-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Deandre Bradley is currently in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Menard Correctional Center. On May 2, 2019, Bradley filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to challenge the loss of six months and twenty-five days of good conduct credit as a result of prison disciplinary proceedings that allegedly violated his right to due process of law under the Fourteenth Amendment (Doc. 1, p. 1). He seeks restoration of his lost good conduct credits.

The case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

### Background

Bradley is currently serving a six-year term of incarceration for residential burglary and resisting a peace officer. On or around July 14, 2018, Bradley was issued four disciplinary tickets at Menard for: (1) Rule 102A violation – Assault and Injury; (2) Rule 215 – Disobeying a direct order

essential to safety; (3) Rule 206 – Intimidation or threats; (2 incidents); (4) Rule 214 – Fighting; and (5) Rule 303 – False information to an employee (*Id.* at pp. 3, 13-18). Bradley allegedly received these tickets because he made threats to officers on 2 separate occasions (*Id.* at pp. 15-18), fought with another inmate (*Id.* at p. 16), and bit a correctional officer's wrist (*Id.* at p. 13).

Following a disciplinary hearing, Bradley was found guilty of all the rule violations (*Id.* at p. 6). He was punished with segregation, a disciplinary transfer, commissary and contact restrictions, and loss of good conduct credits (*Id.* at pp. 13-18).[1] Bradley lost a total of 6 months and 25 days of good conduct credits, which delayed his parole release date (*Id.* at 6). Bradley's previous release date would have been December 8, 2019 (*Id.* at p. 22). IDOC's website now says his projected release date is April 8, 2023 (*Id.* at p. 22).[2]

Bradley challenges the decision of the disciplinary hearing committee on the following due process grounds: (1) Ground 1 – prison officials refused to allow Bradley to sign the original disciplinary report and place a request for witnesses on the report; and (2) Ground 2 – the adjustment committee refused to review Bradley's witnesses or evidence and refused to delay the hearing so that he could call witnesses (*Id.* at pp. 8-9). Bradley asserts that he tried to exhaust the prison's internal grievance procedures but his grievance to the ARB was late through no fault of his own (*Id.* at pp. 8-9). It is not clear from the Petition whether Bradley exhausted his state court remedies prior to bringing this habeas action in federal court (*Id.* at pp. 8-9). Bradley asks this Court to enter an Order reinstating his six months and twenty-five days of good conduct credits (*Id.* at p. 9).

## Discussion

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment,

---

[1] It appears to the Court that Bradley only lost good conduct credit on 3 tickets, his 7/12/18 ticket for assault, 7/20/18 ticket for intimidation, and the 7/13/2018 ticket for fighting.
[2] See, https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx. See also, *Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 2254 may be used to present a Fourteenth Amendment due process challenge to a disciplinary hearing that results in the loss of good conduct credits. *See, Austin v. Pazera*, 779 F.3d 437 (7th Cir. 2015). An Illinois prisoner who wants to file a federal habeas petition challenging prison discipline must first exhaust state judicial remedies by filing "a complaint for an order of mandamus from an Illinois circuit court." *McAtee v. Cowan*, 250 F.3d 506, 508–509 (7th Cir. 2001). If he loses at the circuit court stage, he "must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court," to fully exhaust his state judicial remedies. *Id.* See also, *Donelson v. Pfister*, 811 F.3d 911, 915 (7th Cir. 2016) (noting that the filing of a mandamus action in state court is "a prerequisite for Illinois prisoners challenging disciplinary actions in federal court by bringing a § 2254 petition in federal court."); *Thomas v. Lamb,* No. 16-CV-809-DRH-CJP, 2017 WL 1132640, at *2 (S.D. Ill. Mar. 27, 2017).

Bradley's due process challenges to the revocation of good conduct credits may proceed. However, the Court notes that there may be an issue as to whether Bradley exhausted his administrative and state law remedies as the Petition is not entirely clear on this issue.

### Disposition

**IT IS HEREBY ORDERED** that Bradley's due process claims associated with the revocation of his good conduct credits shall **PROCEED.**

**IT IS SO ORDERED** that Responded **WARDEN FRANK LAWRENCE** shall answer the Petition or otherwise plead within thirty (30) days of this date this order is entered (on or before **August 12, 2019**).[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General,

---

[3] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 4.

Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS HEREBY ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(B)(3) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Bradley is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing, not later than seven days after a transfer or other change in address. Failure to provide notice may result in dismissal. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**

Dated: 7/12/2019

*/s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**