## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEANDRE BRADLEY, # M-05197,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> vs. ) <br> ) <br> **FRANK LAWRENCE,** ) <br> ) <br> **Respondent.** ) | Case No. 19-cv-479-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Respondent's motion to dismiss Petitioner Deandre Bradley's habeas corpus petition without prejudice because it contains unexhausted claims. (Doc. 16). Bradley, a state prisoner currently incarcerated at Menard Correctional Center, filed a Petition for Writ of Federal Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 2, 2019 seeking restoration of 6 months and 25 days of good conduct credits revoked as a result of prison disciplinary proceedings. (Doc. 1). Bradley claims he was denied due process because the disciplinary board did not permit him to call witnesses in his defense.

Respondent asserts that Bradley failed to seek relief through a mandamus action in the Illinois courts and therefore failed to exhaust his claims before filing this federal action. (Doc. 16). Bradley opposes the Motion to Dismiss but admits that he did not exhaust his remedies in the form of a mandamus before he filed this case. (Doc. 19).

### Factual Background

Deandre Bradley is serving sentences of 6 years for residential burglary and 2 years for resisting a peace officer, imposed in Cook County, Illinois. (Doc. 16-1, p. 42). He was issued 4

disciplinary reports in July 2018 while in custody at Pinckneyville Correctional Center. (Doc. 1, pp. 13-18). He claims that he was not allowed to sign the disciplinary reports or to request witnesses on those forms when they were delivered to his cell. He further claims that he attempted to send a written request for witnesses but it was not delivered to the adjustment committee before they convened to conduct his hearing and they refused to continue the hearing so that his witnesses might be called. (Doc. 1, pp. 3-6). Bradley was found guilty and punished with the loss of good conduct credit and a disciplinary transfer to Menard. (Doc. 1, pp. 6, 13-18). He asserts that he exhausted his administrative remedies through the prison grievance process to the extent it was available. (Doc. 1, pp. 6-8).

On March 6, 2019, Bradley filed a state habeas corpus petition in Randolph County Circuit Court. (Doc. 16-1). The Petition was dismissed on March 8, 2019 and Bradley did not appeal. (Doc. 16, p. 2; Doc. 16-1, pp. 42-43).

Bradley filed a mandamus complaint in Randolph County Circuit Court on August 22, 2019, after the instant action was filed. (Doc. 18; Doc. 19, p. 8). The electronic docket for Randolph County Circuit Court Case No. 2019-MR-70 reveals that Defendant's motion to dismiss was denied and the matter is still pending.[1]

## Discussion

Prison inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum due process requirements for such proceedings are (1) receipt of

---

[1] Court documents, including electronic docket information, are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where this will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff*, 418 U.S. at 563-66; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

A state prisoner may raise a due process challenge to prison disciplinary proceedings in a § 2254 petition, but only after having exhausted both administrative remedies and state judicial remedies. *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001). In that vein, 28 U.S.C.A. § 2254(b)(1) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

A petition for mandamus pursuant to 735 ILCS 5.14-101, *et seq*., is the vehicle for an Illinois inmate to challenge a disciplinary decision in court and is also a prerequisite for Illinois prisoners challenging disciplinary actions by bringing a § 2254 petition in federal court. *See*, *Donelson v. Pfister*, 811 F.3d 911, 915 (7th Cir. 2016); *McAtee*, 250 F.3d at 508. Moreover, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, petitioners must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.*

It is clear that Bradley has not exhausted state judicial remedies; he admits that he did not seek mandamus relief before filing this case. (Doc. 19, p. 1). However, he claims he was misinformed by an inmate law clerk that the proper way to exhaust his claim in state court was to file a state habeas corpus petition and that he diligently pursued relief. (Doc. 19, pp. 4-9). He asserts that upon learning that a mandamus action was required, he filed one as soon as he was able to. (Doc. 19, pp. 5, 7-8). He argues that if this Court dismisses his case and he has "to wait on the circuit court [he] will do all the time that [he] is not suppose[d] to and that is unconstitutional." (Doc. 19, p. 8).

A failure to exhaust may be excused only if a habeas petitioner can show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur. *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001) (citing *Coleman*, 501 U.S. at 750); *Dupree v. Jones*, 281 F. App'x 559, 560 (7th Cir. 2008). "Cause" in this context must be "something *external* to the petitioner, something that cannot fairly be attributed to him[.]" *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, (1986) (emphasis in original). Ordinary ignorance, inadvertence, or negligence on the part of the prisoner (or his representative) does not constitute "cause" to excuse a failure to exhaust or a procedural default. *Id.* Therefore, Bradley cannot establish cause based on the uninformed advice of a law clerk.

While the Court is sympathetic to Bradley's situation, the exhaustion requirement is not a meaningless formality. Rather, it is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court is

bound to review the state court's decision on a state prisoner's claim with a high degree of deference. 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 102-03 (2011); *Bell v. Cone*, 535 U.S. 685, 693 (2002). But if the claim was never presented to the state court in the first place, the federal court has no state decision to review, and its consideration must necessarily be *de novo* – which is inconsistent with the AEDPA. *See Perruquet v. Briley*, 390 F.3d 505, 518 (7th Cir. 2004); *Groel v. Simmons*, No. 13-cv-1008, 2017 WL 1076891, at *5-6 (S.D. Ill. March 22, 2017).

## Conclusion

For the foregoing reasons, Petitioner Deandre Bradley's Petition for Writ of Federal Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED without prejudice** for his failure to exhaust state judicial remedies.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable that this Court's ruling on the issue of exhaustion is correct. Accordingly, the Court denies a certificate of appealability. Bradley may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

## **DISPOSITION**

Respondent's Motion to Dismiss the habeas corpus Petition as unexhausted (Doc. 16) is **GRANTED**. This action is **DISMISSED without prejudice** to Petitioner pursuing his claims in a new action, but only after he has exhausted his state court remedies. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner's plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

If Petitioner chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

6

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  December 20, 2019**

*s/ Staci M. Yandle*
STACI M. YANDLE
United States District Judge
